IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

LEYSTMAR SARAHYS COLMENARES SILVA, )
)
Petitioner, )
)
v. ) Case No. 26-3232-JWL
)
TODD BLANCHE, Attorney General; )
MARKWAYNE MULLIN, Secretary, DHS; )
SAMUEL OLSON, ICE Field Office Director; and )
MISTY MACKEY, Warden, )
Midwest Regional Reception Center, )
)
Respondents. )
)
)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Venezuela, entered the United States in 2013. In March 2026, petitioner was taken into custody by immigration officials, and removal proceedings were initiated. On April 6, 2026, an immigration judge (IJ) conducted a hearing and denied petitioner's request for release on bond. On July 27, 2026, the IJ ordered petitioner's removal, and petitioner waived appeal of that decision. Petitioner remains in custody within this judicial district. Petitioner filed her petition on July 13, 2026; respondents have

filed an answer, and the deadline for a reply from petitioner has now passed, and the matter is therefore ripe for ruling.

In her sole claim, petitioner claims that she is detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond; that the Government should bear the burden of proof, under a clear-and-convincing-evidence standard, at any bond hearing under that statute; and that she should receive a new bond hearing with that standard imposed. As respondents note, however, petitioner is now subject to a final removal order, which means that she is presently subject to mandatory detention under 8 U.S.C. § 1231. As such, petitioner is no longer entitled to a bond hearing, and her claim concerning the appropriate burden for such a hearing is now moot. Petitioner has not filed a traverse or reply brief, and thus she has not disputed that her claim is now moot. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge