IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

LEYSTMAR SARAHYS COLMENARES SILVA,

Petitioner,

v.

TODD BLANCHE, Attorney General;
MARKWAYNE MULLIN, Secretary, DHS;
SAMUEL OLSON, ICE Field Office Director; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3232-JWL

**ORDER**

By Memorandum and Order of September 17, 2026, the Court denied the habeas petition in this case, as follows:

> In her sole claim, petitioner claims that she is detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond; that the Government should bear the burden of proof, under a clear-and-convincing-evidence standard, at any bond hearing under that statute; and that she should receive a new bond hearing with that standard imposed. As respondents note, however, petitioner is now subject to a final removal order, which means that she is presently subject to mandatory detention under 8 U.S.C. § 1231. As such, petitioner is no longer entitled to a bond hearing, and her claim concerning the appropriate burden for such a hearing is now moot. Petitioner has not filed a traverse or reply brief, and thus she has not disputed that her claim is now moot. Accordingly, the Court denies the petition.

Petitioner has now filed a motion to vacate the ensuing judgment (Doc. # 9). Petitioner argues that she did file an appeal from the removal order to the Board of Immigration of

Appeals (BIA), and that therefore her removal order is not administratively final and she should not be deemed subject to mandatory detention under Section 1231. With their answer to the petition, respondents submitted a declaration stating that petitioner had waived appeal from the removal order, but respondents did not submit a copy of the removal order;[1] thus, this Court is unable to confirm whether petitioner did in fact waive appeal. *See* 8 C.F.R. § 1241.1(b) (removal order becomes final upon waiver of appeal).

Accordingly, respondents are ordered to respond to petitioner's motion to vacate on or before **October 6, 2026**.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] Petitioner also claims that she did not receive a copy of respondents' answer. The Clerk of Court is directed to send a copy of that answer (Doc. # 6) to petitioner with this order.