IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/19/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

LEYSTMAR SARAHYS COLMENARES SILVA, )
)
Petitioner, )
)
v. ) Case No. 26-3232-JWL
)
TODD BLANCHE, Attorney General; )
MARKWAYNE MULLIN, Secretary, DHS; )
SAMUEL OLSON, ICE Field Office Director; and )
MISTY MACKEY, Warden, )
Midwest Regional Reception Center, )
)
Respondents. )
)
)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenged her detention by immigration officials. By Memorandum and Order of September 17, 2026, the Court denied the petition. This matter now comes before the Court on petitioner's motion to vacate the ensuing judgment (Doc. # 9). For the reasons set forth below, the Court **denies** the motion.

In her petition, petitioner claimed that she is detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond prior to entry of a final removal order; that the Government should bear the burden of proof, under a clear-and-convincing-evidence standard, at any bond hearing under that statute; that she was previously denied bond at a hearing in immigration court in which that standard was not applied; and that she should

therefore receive a new bond hearing. The Court denied the petition based on evidence that on July 27, 2026, the immigration court ordered petitioner's removal and that petitioner had waived appeal, making the removal order final. The Court concluded that because petitioner is subject to a final removal order, she is presently subject to mandatory detention under 8 U.S.C. § 1231, and thus she is no longer entitled to a bond hearing. The Court further noted that petitioner had not disputed that her claim was therefore moot, as she had failed to file a traverse or reply brief.

In her present motion, petitioner claims that she did not receive a service copy of respondents' answer to the petition; she disputes that she waived appeal at the immigration court hearing at which she was ordered removed; and she has provided evidence that she did file a timely appeal from the removal order with the Board of Immigration Appeals (BIA). Petitioner thus argues that her removal order is not yet final; that her detention therefore remains governed by Section 1226(a), which allows for discretionary release on bond; and that the Court should therefore address the merits of her habeas claim. Section 1231 provides that the removal period, during which mandatory detention is imposed, begins when the removal order becomes administratively final, *see* 8 U.S.C. § 1231(a)(1)(B)(i); and the applicable regulation provides that a removal order becomes final upon waiver of appeal by the alien, *see* 8 C.F.R. § 1241.1(b). Thus, the basis for petitioner's detention and the possibility of her release on bond turn on the disputed question of whether petitioner in fact waived her right to appeal at the immigration court hearing.

As respondents concede, in such circumstances courts have held that the alien's detention is not yet governed by Section 1231, which does not apply unless and until the BIA has determined that the alien did in fact waive the right to appeal the removal order. *See Lagua Rivera v. Blanche*, 2026 WL 2410229, at *2 (E.D.N.Y. Aug. 18, 2026) (citing cases). The Court rejects respondents' argument that it should require exhaustion of petitioner's administrative remedies by delaying any ruling on the merits of the petition until the BIA has resolved the waiver issue. This Court need not and does not decide the factual issue of whether petitioner in fact waived her right to appeal the removal order – an issue properly decided by the BIA; rather, it merely follows other courts in concluding that because that issue remains in dispute, petitioner should be deemed detained under Section 1226(a). Because that statute allows for discretionary release on bond, petitioner's habeas claim, by which she seeks another bond hearing, is not moot.

Nevertheless, because petitioner has not shown that she is entitled to relief on the merits of her petition, the Court declines to vacate the judgment entered in favor of respondents. Petitioner claims that due process requires that the Government bear a clear-and-convincing burden of proof at any bond hearing conducted under Section 1226(a).[1] In ordering hearings under that statute, however, this Court has consistently rejected requests to impose such a burden of proof. *See Liu v. Mullin*, 2026 WL 2869122, at *2 (D. Kan. Sept. 24, 2026) (Lungstrum, J.). As the Court has noted, the Tenth Circuit has also declined

[1] The Supreme Court has held that the statute itself does not require that the Government bear the burden of proof under a clear-and-convincing-evidence standard at a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

to impose such a burden of proof. *See id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)). The Court is persuaded by the opinion of the Ninth Circuit in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), who joined the Third Circuit and the Fourth Circuit in holding that the bond procedures under Section 1226(a), without imposition of the burden of proof on the Government, do not violate due process. *See id.* at 1204-05 (citing cases). Moreover, as noted by the Ninth Circuit, the Second Circuit has held that the Government must bear the burden of proof by clear and convincing evidence at a bond hearing ordered after detention has become unreasonably prolonged. *See id.* at 1204 (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 853-56 (2d Cir. 2020)). In this case, however, petitioner has been detained only seven months, and thus her detention has not become unreasonably prolonged. The First Circuit alone has held that the Government bears the burden of proof at any bond hearing under Section 1226(a) (with a clear-and-convincing standard for showing dangerousness). *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021). The Court is persuaded by the reasoning of the majority of circuits that due process does not require that the Government bear a heightened burden of proof (or any burden of proof) at all bond hearings under Section 1226(a) – particularly given the Tenth Circuit's own decision not to impose any burden on the Government in ordering such a hearing in *Santillan Quiroz*. Accordingly, because petitioner would not prevail on her habeas claim, the Court denies the motion to vacate the judgment against her in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to vacate the judgment (Doc. # 9) is hereby **denied**.

IT IS SO ORDERED.

Dated this 19th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge